FILED
Jul 08, 2026
11:06 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **MICHAEL HOPSON,**<br>　　　**Employee,** | **Docket No. 2025-60-3628** |
| **v.** | |
| **TOSHIBA GLOBAL**<br>**COMMERCE SOLUTIONS, INC.,**<br>　　　**Employer,** | **State File No. 34754-2025** |
| **And,** | |
| **LM INS. CO.,**<br>　　　**Carrier.** | **Judge Allen Phillips** |

## EXPEDITED HEARING ORDER

At an expedited hearing on June 29, 2026, Mr. Hopson requested temporary disability and medical benefits for a knee injury. The Court finds he is entitled to benefits as described below.

## Claim History

Mr. Hopson alleged that he injured his left knee on May 14, 2025. He reported the incident on May 16, one day after his position was eliminated due to a reduction in work force. Toshiba questioned the incident because Mr. Hopson reported it after the job elimination and ultimately denied the claim.

However, before the denial, Toshiba furnished an evaluation at a clinic. On May 28, that clinic referred Mr. Hopson to an orthopedic physician and placed work restrictions. The records do not mention a causal connection between the injury and Mr. Hopson's disability.

Mr. Hopson requested an expedited hearing, where he asked for medical and temporary disability benefits. On October 10, the Court found Mr. Hopson would likely prevail on his request for medical benefits and ordered that Toshiba furnish a

1

panel of orthopedic surgeons. The Court denied Mr. Hopson's request for temporary benefits because he offered no expert opinion of a causal relation between his injury and his disability.

Mr. Hopson chose Dr. David West, and on October 28, Dr. West recommended an MRI. He also placed restrictions but offered no opinion about a causal connection between the injury and Mr. Hopson's disability.

Mr. Hopson required a specialized machine for the MRI, so there was a delay in scheduling. Mr. Hopson went to several locations before finally receiving the MRI, and it showed a torn meniscus. On May 21, 2026, Dr. West recommended surgery to repair the tear and, for the first time, said Mr. Hopson's condition was more than 50% related to the injury. Dr. West maintained the same restrictions.

Mr. Hopson requested this hearing because Toshiba has not paid any temporary disability benefits. He testified he has not worked since the injury and asked for temporary *total* benefits beginning in May 2025 and continuing until he reaches maximum medical improvement.

Toshiba admitted that Dr. West restricted Mr. Hopson in October and that his job was eliminated on May 15, 2025. However, Toshiba contended it only owed temporary total disability benefits from May 21, 2026, through the date of this hearing. Toshiba said that was the date when Mr. Hopson was "taken off of work."

Mr. Hopson also requested mileage reimbursement for travel to Dr. West's office and to multiple appointments for the MRI. He offered a mileage log, but it contained no addresses of the destinations. Toshiba agreed to review whether Mr. Hopson's travel met the 15-mile distance requirement under Tennessee Code Annotated section 50-6-204(a)(4)(A) (2025) and would pay if appropriate.[1]

Mr. Hopson's weekly compensation rate is $1,003.20.

---

[1] Before entry of this order, Toshiba filed notice that it would reimburse Mr. Hopson for travel to Dr. West's office as it met the distance requirement, but it contended the other travel did not.

## Findings of Fact and Conclusions of Law

At this expedited hearing, Mr. Hopson must prove he would likely prevail on his request for benefits at trial. Tenn. Code Ann. § 50-6-239(d)(1).

Both parties used the term temporary *total* disability. However, Mr. Hopson cannot receive temporary total disability benefits because he was not completely restricted from work. Instead, he might receive temporary *partial* disability benefits, which are payable to an employee who can work in his partially disabled condition. *Id.* § 50-6-207(2).

To receive those benefits, Mr. Hopson must present expert medical proof that he became disabled from working due to a compensable injury; a causal connection between the injury and his inability to work; and the duration of his disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Mr. Hopson has labored under restrictions since May 28, 2025, and he has not worked since his job was eliminated. After offering Dr. West's opinion as to a causal connection, Mr. Hopson has now satisfied the requirements for payment of temporary disability benefits.

Toshiba contended it owes temporary benefits only from May 21, 2026, through the date of the hearing. But Toshiba admitted that Mr. Hopson's job was eliminated on May 15, 2025, and that it did not return him to work.

Because Toshiba did not offer Mr. Hopson any work within his restrictions, he is entitled to temporary partial disability benefits beginning May 28, 2025, when the clinic first restricted him, and continuing until he reaches maximum medical improvement or returns to work.

The weekly benefit rate for temporary partial disability benefits is calculated by multiplying the difference in the employee's average weekly wage and what he might earn in his partially disabled condition by 66 2/3%. *Id.* § 50-6-207(2)(A). Because Mr. Hopson earned nothing since he was restricted, his rate for temporary partial is the same as for temporary total benefits, or $1,003.20.

**IT IS, THEREFORE, ORDERED** as follows:

1. Toshiba shall pay Mr. Hopson temporary partial disability benefits from May 28, 2025, through June 29, 2026, at the weekly compensation rate of $1,003.20, a period of 56.71 weeks, or $56,895.77. Those payments shall continue until Mr. Hopson returns to work or is placed at maximum medical improvement by the authorized physician.

2. Toshiba shall pay any outstanding bills from authorized providers and continue to furnish reasonable and necessary medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A), including the surgery recommended by Dr. West. He remains the authorized physician.

3. Toshiba shall reimburse Mr. Hopson for mileage expenses incurred for travel to two appointments at Dr. West's office, a total of 70.4 miles, at the rate of $.725 per mile or $51.04. His request for further mileage reimbursement is denied at this time.

4. A Status Hearing is set for **Monday, November 9, 2026, at 9:30 a.m. Central Time**. The parties must call 855-543-5038 to participate.

5. Unless appealed, compliance must occur within seven business days of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED July 8, 2026.**

**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:
1. Mileage log
2. Concentra records
3. Dr. West's records
4. St. Thomas records
5. Letter regarding job elimination and severance payment

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on July 8, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Michael Hopson, Employee | X | X | 3121 Wilmouth Rd., Nashville, TN 37207 mhopson@comcast.net |
| Emily Pfeiffer, Employer's Attorney | | X | emily.pfeiffer@libertymutual.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries          $ _____ per month     Telephone       $ _____ per month

Electricity        $ _____ per month     School Supplies $ _____ per month

Water              $ _____ per month     Clothing        $ _____ per month

Gas                $ _____ per month     Child Care      $ _____ per month

Transportation     $ _____ per month     Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____     (FMV) _____

Other                   $ _____     Describe: _____

11. My debts are:

Amount Owed                   To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                      RDA 11082